## General Electric Company v. Brandywine Peace Community and Alternative Fund

*Jonathan A. Kane*, for plaintiff.
*Jon J. Auritt*, for defendant.

WILSON, *J.*, January 12, 1982—

### FINDINGS OF FACT

1. On October 7, 1979, General Electric Company brought an action in equity against defendants, the Brandywine Peace Community and Alternative Fund, Robert Smith and others, and John and Jane Doe.

2. On August 8, 1979, this court entered an order restricting to some extent defendants' right to demonstrate at plaintiff's facility at 3198 Chestnut Street, Philadelphia, Pa.

3. By stipulation between the parties made before the Bar on August 22, 1979, a final order was entered essentially the same as the order of August 8, 1979. A copy of said order and stipulation are attached hereto.

4. On the morning of October 29, 1981, Robert M. Smith, William Hartman, Thelma Stoudt, Roger Ludwig and Janice Hall entered the General Electric Re-entry and Environmental Facility at 3198 Chestnut Street, Philadelphia, Pa., without authorization.

5. Once inside the facility, the said persons dumped a substance that resembles blood on the walls and hallway.

6. Said defendants were removed by Philadelphia police.

7. Said defendants were either present in this courtroom during the 1979 hearings or had personal knowledge of the court's order in this matter.

8. Despite their knowledge of the aforesaid court orders, the five persons entered into the General Electric facility and committed the acts aforesaid.

## CONCLUSIONS OF LAW

1. The five named persons before this court had knowledge of this court's order.

2. Despite their knowledge of this court's order, the five defendants willfully and intentionally violated this court's order.

3. The said five defendants are in contempt of this court's orders in that they violated the section of the court's decree of August 9, 1979 in that they came closer to the General Electric facility at 3198

Chestnut Street, Philadelphia, Pa., than 20 feet and that they did, in fact, come closer together than four feet apart, and that they did enter into the said premises and deposit a substance similar to blood on the walls and floors thereof.

## DISCUSSION

Defendants have argued to this court that the order of this court is vague and cannot be enforced. There can be nothing clearer in the English language than the provisions of the order of August 9, 1979, that these parties violated. The order specifically states that they shall remain 20 feet from the front door of the premises. Not only did they come closer than 20 feet, these defendants entered the facility. The order specifically states that these defendants should remain no closer to each other than four feet in the said demonstrations. The doorway alone is narrower than four feet, and these defendants clearly were closer to that in the photographs which were shown before this court, as to the demonstrations which they held in the facility. Even assuming a strict construction argument which the defense argues upon this court, there can be no strict construction of 20 feet and interpret the entering of the building as not a violation of the order to stay 20 feet from it. The courts of this Commonwealth have inherent powers to punish contempt and to enforce their orders. Without such power, our courts would be a mockery. These defendants come before the court arguing that their First Amendment rights are violated by this court. But that too does not bear the light of day, for this court never restrained these defendants from their First Amendment right to protest against nuclear war, or to protest the proliferation of nuclear weapons in our society. Such right is inviolate and these de-

fendants clearly have that right. But in the exercise of that right, they may not infringe upon the rights of others. This court's order permitting the demonstrations to continue in a regulated form was fair to both parties. These defendants violated that order and these defendants must be punished for that violation.

It is the argument of defendants that the contempt order which was made by this court is improper. This court fined these defendants, and it finds the authority for doing so in the laws of the administration of justice of the Commonwealth of Pennsylvania. More particularly, 42 Pa.C.S.A. §4132. The Act of July 9, 1976, P.L. 586 as amended. The law allows for the punishment of contempt by fine. Thus, this court is justified in fining these defendants for failing to honor a proper order of this court.